UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Jeffrey Given <br> *and* <br> Michael Ross <br>     *Plaintiffs* <br><br> v. <br><br> CACH, LLC <br>     *Defendant* <br> Serve: <br>     The Corporation Company <br>     1675 Broadway, Suite 1200 <br>     Denver. CO 80202 | Case No. 3:16-CV-334-JHM |

**CLASS ACTION COMPLAINT**
**and DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. This is an action by consumers seeking injunctive relief and damages for themselves and on behalf of all similarly-situated Kentucky citizens for Defendant CACH, LLC's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. CACH, LLC ("CACH") filed a lawsuit against Plaintiff Jeffrey Given on March 4, 2015 in the Circuit Court of Jefferson County, Kentucky in an attempt to collect a debt. CACH obtained a default judgment against Mr. Given in that action on May 6, 2015. CACH filed a separate lawsuit against Plaintiff Michael Ross on April 14, 2015 in the District Court of Jefferson County, Kentucky in an attempt to collect a debt. CACH obtained a default judgment against Mr. Ross in that action on May 29, 2015. At no time after the date of entry of the default

judgments against Mr. Given and Mr. Ross did CACH file a bill of costs as required by Ky. R. Civ. P. 54.04 in order to recover authorized court costs expended during litigation.

3.  As a pattern and practice CACH has failed to file a bill of costs in its collection lawsuits brought against Kentucky citizen consumers throughout the state of Kentucky as required by the Kentucky Rules of Civil Procedure.

4.  As a result of CACH's practice as alleged in paragraph 3 *supra,* CACH has attempted to collect, and/or collected money from Kentucky citizen consumers to which it was not entitled.

5.  On May 26, 2015 and June 19, 2015, respectively, CACH recorded notices of judgment lien with the County Clerk of Jefferson County pursuant to the judgments against Mr. Given and Mr. Ross, paying a statutory recording fee of $13.00 for recording each lien.

6.  Between October 13, 2015 and November 24, 2015, CACH attempted to collect the default judgment against Mr. Given by means of two garnishments. On August 26, 2015, CACH attempted to collect the default judgment against Mr. Ross by means of a non-wage garnishment. In its garnishments against Mr. Given and Mr. Ross, CACH sought to collect purported court costs expended, even though it had not filed a Ky. R. Civ. P. 54.04 bill of costs.

7.  CACH also sought in its garnishments to collect its $13.00 lien recording fees for recording the notices of judgment lien against Mr. Given and Mr. Ross and $10.00 statutory fees to the garnishees in its garnishments, even though neither of these are recoverable as court costs under Kentucky law.

8.  As a pattern and practice CACH has collected or attempted to collect court costs after obtaining judgment against numerous other Kentucky consumers via similar debt collection lawsuits, like the lawsuits against Mr. Given and Mr. Ross, and for which it did not comply with

the requirements of filing and serving a bill of costs as required by Ky. R. Civ. P. 54.04 prior to collecting or attempting to collect such court costs.

9. These acts by CACH in illegally attempting to collect or collecting a consumer debt violate the FDCPA for which Mr. Given and Mr. Ross on behalf of themselves and members of proposed classes seek statutory damages, actual damages, and injunctive relief.

## JURISDICTION

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

11. Plaintiff Jeffrey Given is a natural person who resides in Jefferson County, Ky. Mr. Given is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

12. Plaintiff Michael Ross is a natural person who resides in Jefferson County, Ky. Mr. Ross is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

13. Defendant CACH, LLC ("CACH") is a Colorado limited liability company which is not registered with the Kentucky Secretary of State. CACH is engaged in the business of purchasing debts from creditors and collecting these debts in this state. CACH's principal place of business is located at 4340 S. Monaco Street, 2nd Floor, Denver, CO 80237.

14. CACH is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

### I. Facts as to Jeffrey Given

15. On March 4, 2015, CACH filed a complaint in the Jefferson Circuit Court of Jefferson County, Kentucky against Mr. Given under case number 15-CI-01067 (the "Given

State Court Suit") in an attempt to collect a defaulted credit account originally due and owing to Fifth Third Bank ("Fifth Third").

16. Mr. Given used the Fifth Third account at the basis of the Given State Court Suit exclusively for personal, family, and household purposes, which makes the debt a "debt" within the meaning of the FDCPA.

17. On May 6, 2015, CACH obtained a default judgment in the Given State Court Suit (the "Given Judgment"). A copy of the Judgment is attached hereto as Exhibit "A."

18. The Given Judgment awarded CACH "the sum $15,440.85;, [sic] bearing interest at the rate of 12% per annum from the date of judgment, plus costs expended herein, until the Judgment is satisfied."

19. At no time between May 6, 2015 and the date of this Complaint did CACH prepare and serve a bill of costs in accordance with Ky. R. Civ. P. 54.04 in order to recover any sum certain of court costs in obtaining the Given Judgment.

20. On May 26, 2015, CACH recorded a notice of judgment lien (the "Given Judgment Lien") with the County Clerk of Jefferson County, Kentucky pursuant to the Given Judgment in accordance with KRS 426.720, paying a fee of $13.00 to the County Clerk for doing so. A copy of the Given Judgment Lien is attached hereto as Exhibit "B."

21. The Given Judgment Lien states that $15,633.85, plus interest, is due and owing on the Given Judgment as of the date the Given Judgment Lien was recorded, or $193.00 more than the amount of the Judgment.

22. Upon information and belief, the added amount of $193.00 represents CACH's self-awarded "costs expended" in the Given State Court Suit.

23. On October 13, 2015, CACH filed a non-wage garnishment in an attempt to

collect the Given Judgment (the "Given First Garnishment"). A copy of the Given First Garnishment is attached hereto as Exhibit "C."

24. The "Amount Due" on the Given Judgment as stated on the Given First Garnishment was $15,646.85. This represents $206.00 more than the amount due and owing on the Given Judgment as of the date it was entered.

25. Upon information and belief, the additional amount of $206.00 represents CACH's self-awarded "costs expended" of $193.00 expended in the Given State Court Suit, together with the $13.00 lien recording fee.

26. The Given First Garnishment did not attach any funds belonging to Mr. Given.

27. On November 24, 2015, CACH filed a wage garnishment in an attempt to collect the Given Judgment (the "Given Second Garnishment"). A copy of the Given Second Garnishment is attached hereto as Exhibit "D."

28. The "Amount Due" on the Judgment as stated on the Given Second Garnishment was $15,666.85. This represents $226.00 more than the amount due and owing on the Given Judgment as of the date it was entered.

29. Upon information and belief, the additional amount of $226.00 represents CACH's self-awarded "costs expended" of $193.00 in the Given State Court Suit, the $13.00 lien recording fee, $10.00 in garnishment fees for the Given First Garnishment paid to the clerk of the Jefferson Circuit Court, and a statutory $10.00 fee paid to the garnishee in the Given First Garnishment pursuant to KRS 425.501(3).

30. CACH attempted to collect on the state court judgment from Mr. Given by means of the Second Garnishment even though it has never filed and served a bill of costs pursuant to Ky. R. Civ. P. 54.04, and even though some of those collection expenses are not recoverable

under Kentucky law.

## II. Facts as to Michael Ross

31. On April 14, 2015, CACH filed a complaint in the Jefferson District Court of Jefferson County, Kentucky against Mr. Ross under case number 15-C-003455 (the "Ross State Court Suit") in an attempt to collect a defaulted credit account originally due and owing to Fifth Third Bank ("Fifth Third").

32. Mr. Ross used the Fifth Third account at the basis of the Ross State Court Suit exclusively for personal, family, and household purposes, which makes the debt a "debt" within the meaning of the FDCPA.

33. On May 29, 2015, CACH obtained a default judgment in the Ross State Court Suit (the "Ross Judgment") against Mr. Ross. A copy of the Ross Judgment is attached hereto as Exhibit "E."

34. The Ross Judgment awarded CACH "the sum $1,179.59;, [sic] all bearing interest at the rate of 12% per annum from the date of judgment, plus costs expended herein, until the Judgment is satisfied."

35. At no time between May 24, 2015 and the date of this Complaint did CACH prepare and serve a bill of costs in accordance with Ky. R. Civ. P. 54.04 in order to recover any sum certain of court costs in obtaining the Ross Judgment.

36. On June 19, 2015, CACH recorded a notice of judgment lien (the "Ross Judgment Lien") with the County Clerk of Jefferson County, Kentucky pursuant to the Ross Judgment in accordance with KRS 426.720, paying a fee of $13.00 to the County Clerk for doing so. A copy of the Judgment Lien is attached hereto as Exhibit "F."

37. The Ross Judgment Lien states that $1,295.09, plus interest, is due and owing on the Judgment as of the date the Ross Judgment Lien was recorded, or $115.00 more than the amount of the Ross Judgment.

38. Upon information and belief, the added amount of $115.00 represents CACH's self-awarded "costs expended" in the Ross State Court Suit.

39. On August 26, 2015, CACH filed a non-wage garnishment in an attempt to collect the Ross Judgment (the "Ross Garnishment"). A copy of the Ross Garnishment is attached hereto as Exhibit "G."

40. The "Amount Due" on the Ross Judgment as stated on the Ross Garnishment was $1,341.61. This represents $162.02 more than the amount due and owing on the Judgment as of the date it was entered.

41. Upon information and belief, the additional amount of $162.02 stated in the Garnishment represents CACH's self-awarded "costs expended" of $115.00 in the State Court Suit, the $13.00 lien recording fee, and post-judgment interest at the rate of 12% from the date of the Judgment.

42. The Garnishment also states "Probable Court Costs" due and owing of $20.00. This amount represents a $10.00 filing fee for the garnishment itself, plus a $10.00 statutory fee paid to the garnishee pursuant to KRS 425.501(3).

**III.   Facts as to Both Plaintiffs**

43. CACH's $13.00 lien recording fee pursuant to KRS 64.012 and the $10.00 garnishee fees pursuant to KRS 425.501(3) are statutorily set fees paid to parties other than the officers of the court, and hence neither is a court cost recoverable from Mr. Given or Mr. Ross

under Ky. R. Civ. P. 54.04 and KRS 453.040.

44. As a pattern and practice CACH has collected or attempted to collect court costs and other litigation expenses pursuant to judgments it obtained against numerous Kentucky consumers for "debts" within the meaning of the FDCPA that it had no legal right to collect under Kentucky law.

## CLASS ALLEGATIONS

45. Plaintiffs Jeffrey Given ("Given") and Michael Ross ("Ross") bring this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated comprised of the following persons (jointly, "the Classes"):

**Class One:** All Kentucky consumers against whom Defendant CACH, LLC ("CACH"), or its agents, employees, or representatives, within one year of the date of filing this complaint, illegally collected or attempted to collect court costs from the consumer where the judgment did not award CACH, LLC its court costs, and/or without first filing and serving a bill of costs with the court and obtaining a supplemental judgment for costs as required by Ky. R. Civ. P. 54.04.

**Class Two:** All Kentucky consumers against whom Defendant CACH, LLC ("CACH"), or its agents, employees, or representatives, within one year of the date of filing this complaint, illegally collected or attempted to collect litigation or collection expenses which it was not entitled under Kentucky law to recover as costs from the consumer, including, but not limited to, lien recording fees and statutory garnishee fees prescribed by KRS 425.501(3).

46. This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2) and actual damages be awarded Plaintiffs and all members of the Classes for CACH's violations of the FDCPA.

47. This action also seeks injunctive relief enjoining CACH from seeking to collect or

collecting court costs and other collection expenses it has no legal right to collect or attempt to collect from consumers pursuant to judgments obtained in the courts of the Commonwealth of Kentucky.

48. The proposed Classes as set out *supra* and so represented by Plaintiffs Jeffrey Given and Michael Ross in this action, and of which they themselves are members, consists of those persons defined above which are so numerous that joinder of individual members is impracticable.

49. Plaintiffs' claims are typical of the claims of the proposed Classes as set out *supra*.

50. There are common questions of law and fact applicable to the members of the proposed Classes in this action that relate to and affect the rights of each member of the proposed classes, and the relief sought is common to the entire proposed classes. In particular, all members of the proposed Classes have the same issues of law in common:

(a) Whether CACH had the right to collect or attempt to collect from consumers court costs expended in obtaining Kentucky state court judgments when the judgment against the consumer did not award CACH its court costs;

(b) Whether CACH acted illegally in attempting to collect court costs or post judgment collection expenses without first filing and serving a bill of costs as required by Ky. R. Civ. P. 54.04;

(c) Whether CACH had the right to collect or attempt to collect from consumers lien recording fees, garnishee fees as prescribed by KRS 425.501(3), and other post-judgment collection expenses.

51. There is no known conflict between Plaintiffs and any other members of the

proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

52. Plaintiffs are the representative parties for the proposed Classes and are able to, and will, fairly and adequately protect the interest of each of the proposed Classes.

53. Plaintiffs' attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

54. Plaintiffs' attorneys have successfully represented other claimants in similar litigation.

55. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Classes creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

56. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

57. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in

each case or otherwise readily determined.

58.     The identity of each individual member of the proposed classes can be ascertained from the books and records maintained by Defendant.

59.     Because many of the persons who comprise the proposed classes in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

60.     The above-described actions by CACH, LLC ("CACH") constitute violations of the Fair Debt Collection Practices Act.

61.     Defendant CACH's violations of the FDCPA include, but are not limited to, the following:

A.     Violation of 15 U.S.C. 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt;

B.     Violation of 15 U.S.C. 1692e(2)(A) by the false representation of the character, amount, or legal status of any debt;

C.     Violation of 15 U.S.C. 1692e(2)(B) by the false representation of compensation which may be lawfully received by any debt collector for the collection of a debt;

D.     Violation of 15 U.S.C. 1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken;

E.     Violation of 15 U.S.C. 1692e(10) by using a false representation or deceptive

means to collect or attempt to collect a debt;

      F.      Violation of 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

      G.      Violation of 15 U.S.C. 1692f(1) by the collection or attempt to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount is not expressly authorized by an agreement creating the debt or permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Jeffrey Given and Michael Ross jointly and severally request the Court grant them relief as follows:

      a.      Award the maximum amount of statutory damages for each member of the proposed Class One and Class Two (jointly, "the Classes") provided under 15 U.S.C. §1692k;

      b.      Award Plaintiff Jeffrey Given, Plaintiff Michael Ross, and the members of the proposed Classes their actual damages for court costs and unauthorized collection expenses paid;

      c.      Issue an injunction enjoining CACH from: (1) collecting or attempting to collect court costs expended in obtaining judgments in District or Circuit Courts of the Commonwealth of Kentucky when the judgment against the consumer did not award CACH its court costs, and/or without filing and serving a bill of costs and obtaining a supplemental judgment for costs pursuant to Ky. R. Civ. P. 54.04; and (2) from collecting or attempting to collect post-judgment collection expenses, including, but not limited to, lien recording fees and garnishee fees pursuant to KRS 425.501(3), from consumers which are not recoverable as court costs under Kentucky law;

      d.      Award Plaintiff Jeffrey Given, Plaintiff Michael Ross, and the members of the proposed Classes their attorney's fees, litigation expenses and costs as provided by FDCPA;

      e.      A trial by jury; and

    f.    Such other relief as may be just and proper.

Submitted by:

/s/ James McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com